IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND GEARHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-3224-CV-S-ODS |
| ) | |
| JUAN D. CASTILLO, ) | |
| ) | |
| Defendant. ) | |

## ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 29, 2013, the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation ("the Report") recommending that Defendant be entitled to summary judgment on all claims of the amended complaint. Objections to the Report were not filed, and the time for doing so has passed. The Court has reviewed the matter *de novo* and concurs with the Report's conclusions.

Plaintiff has failed to demonstrate that Defendant is liable under a *Bivens* theory because he has not made any allegation that Defendant was personally responsible for violating any of his constitutional rights. To make out a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff is also not entitled to injunctive relief because he has not demonstrated a violation of his constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (finding that an inmate may seek injunctive relief to prevent future constitutionally-based harm when there is "a contemporary violation of a nature likely to continue").

Next, the Record shows that Plaintiff received a hearing before confinement and received a hearing before being forcibly medicated. The Court concludes that Plaintiff has failed as a matter of law to make a *prima facie* case that he was denied due process in the procures that led to his current confinement and forced medication.

The Court also agrees with the Report's conclusion that Plaintiff failed to make an Eighth Amendment violation claim for deliberate indifference to his serious medical needs. There is no evidence that Defendant (or any other prison official) knew of a serious medical need of the Plaintiff, but deliberately disregarded it. Instead, the Record demonstrates that Plaintiff received frequent mental health evaluation and treatment. Finally, the Court concurs with the Report's conclusion that the remaining claims in the amended complaint should be dismissed because they are unsupported by either law or fact.

The Court adopts the Magistrate Judge's Report and Recommendation (Doc. #27) and grants Defendant's Motion for Summary Judgment (Doc. # 11) and the case is dismissed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 9, 2013
UNITED STATES DISTRICT COURT